```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
UNITED STATES OF AMERICA,

                    Plaintiff,                 09 Cr. 1239 (PKC)
        -against-
                                                    ORDER
EMILIO FUSCO,

                    Defendant.
-----------------------------------------------------------x
```

CASTEL, District Judge:

       Emilio Fusco, proceeding <u>pro se</u>, moves for "reconsideration" of his motion for a sentence reduction under 18 U.S.C. § 3582(c)(1)(A), asserting "extraordinary and compelling reasons" related to the COVID-19 pandemic. (Doc. 408). The Court is also in receipt of Fusco's supplemental letter dated April 12, 2021. (Doc 409).

       On September 13, 2020, Fusco filed his initial motion under section 3582(c)(1) with the assistance of counsel. (Doc 389). The Court concluded that Fusco's medical condition, the conditions at Federal Medical Center Devens ("FMC Devens") where he is housed, and the section 3553(a) factors, considered both in isolation and in combination did not amount to "extraordinary and compelling reasons" for a sentence reduction. (Doc 404 at 20–21 ("Nov. 19, 2020 Tr."); Doc 400). Fusco filed a motion to reconsider, (Doc 403), as well as a notice of appeal. (Doc 401). After the mandate was issued from the Second Circuit on Fusco's withdrawn appeal, (Apr. 1, 2021; Doc 402), the Court denied Fusco's motion to reconsider on April 7, 2021. (Doc 407).[1]

---

[1] For the avoidance of doubt, the Court received Fusco's current motion after issuing its April 7, 2021 Order.

Mailed to Emilio Fusco 05/18/2021

The Court assumes familiarity with its prior orders and only briefly reviews the factual background. Fusco was convicted by a jury of participating in a racketeering conspiracy from 2001 through February 2010, an extortion conspiracy from 2002 through 2006 and interstate travel in aid of racketeering from 2002 through 2006. After full notice and opportunity to be heard over the course of a two-day sentencing proceeding, the Court considered acquitted conduct, the murders of Adolfo Bruno and Gary Westerman, in fashioning a sentence for Fusco. Ultimately, the Court sentenced Fusco principally to 300 months' imprisonment. (Doc 296).

Following the Court's denial of his initial section 3582(c)(1) motion, Fusco filed a second request for sentence reduction with the Warden of his facility on February 10, 2021. (Doc 408 at 138; Ex. H). His request was denied on March 11, 2021. (Id.) Although Fusco moves for "reconsideration," because he has exhausted his administrative remedies for a second time, the Court will construe his submission as a second motion for sentence reduction under section 3582(c)(1). In considering a motion for sentence reduction under this provision, district courts are permitted "to consider the full slate of extraordinary and compelling reasons that an imprisoned person might bring before [the court] in motions for compassionate release." United States v. Brooker, 976 F.3d 228, 237 (2d Cir. 2020) ("Neither Application Note 1(D), nor anything else in the now-outdated version of Guideline § 1B1.13, limits the district court's discretion.").

Fusco's current submissions to the Court set forth additional information concerning his medical condition. In December 2020, Fusco contracted COVID-19 and was admitted to a local hospital on December 28, 2020. (Doc 408 at 28; Ex. A). While at the hospital, Fusco's oxygen saturation level dropped, and he was transferred to the intensive care

unit and placed under critical care. (Doc 408 at 34). He was ultimately discharged from the hospital on January 12, 2021. (Doc 408 at 58).

Fusco states that his health has substantially deteriorated since first contracting the virus and urges that his current health condition constitutes an "extraordinary and compelling reason" for sentence reduction. Guidance from the Center for Disease Central ("CDC") states that some people experience "Long COVID," a range of symptoms, including fatigue and shortness of breath, "that can last weeks or months after first being infected with the virus that causes COVID-19 or can appear weeks after infection."[2]

Fusco's most recent medical evaluation in the Bureau of Prison ("BOP") medical records that Fusco submitted was performed by Dr. Inna Ketsler on February 22, 2021. According to the UMass Memorial Health website, Dr. Ketsler is board certified in pulmonary disease and specializes in pulmonary disease and sleep medicine.[3] Dr. Ketsler notes that Fusco was "admitted to UMass for multilobar pneumonia with ARDS [Acute Respiratory Distress Syndrome]" and required oxygen. (Doc 408 at 16). At the time of Dr. Ketlser's exam, Fusco complained of shortness of breath with minimum walking. His oxygen saturation level was measured at 98% with oxygen supplementation and 95% at room air, i.e. without oxygen supplementation. An oxygen saturation of 95 to 100 percent is normal for healthy children and

---

[2] https://www.cdc.gov/coronavirus/2019-ncov/long-term-effects.html (last accessed May 18, 2021).

[3] https://physicians.umassmemorial.org/details/3030/inna-ketsler-pulmonary_medicine-sleep_medicine-leominster (last accessed May 18, 2021). Fusco also submitted the unsworn statement of Mashali Fathalla, an inmate at FMC Devens who stated that he has a medical degree specializing in anesthesiology and reviewed Fusco's medical records. Putting aside whether Fathalla is a licensed physician, he does not claim to be a pulmonary specialist. He opines on Fusco's medical condition and criticizes the medical care that Fusco has received since contracting COVID-19. The Court gives no weight to the unsworn statement of Fusco's fellow inmate.

adults.[4] Dr Ketsler noted that Fusco's chest x-ray showed improvement in pulmonary infiltrates compared to January and no pleural effusions. She further noted that Fusco had poor lung expansion and while getting "[s]lowly better," he "[f]eels significantly worse than at baseline before COVID." (Id.)[5] Dr. Ketsler recommended that Fusco continue to have oxygen supplementation for ambulation but that it was not needed when at rest. She also recommended that Fusco use a CPAP machine, which treats sleep apnea and delivers oxygen supplementation, and requested a follow-up appointment be scheduled with her in four to six weeks. (Id.)

Additionally, Fusco's medical records provide updated information on pre-existing conditions that were previously considered by the Court. Fusco is 52 years old and is classified as obese with a body mass index of 30.4 kg/m2. (Doc 409). Fusco suffers from neutropenia, which the Court previously noted is a condition marked by "a low count of a particular type of white blood cell which may make a person more prone to infection." (Nov. 9, 2021 Tr. at 19). According to a medical exam on December 30, 2020, Fusco has "a known history of mild benign neutropenia." (Doc 408 at 30). In addition, Fusco has been diagnosed with Wolf-Parkinson-White syndrome, a heart condition that causes a rapid heartbeat. (Id.) He had a cardiac ablation in 2008, and a medical evaluation dated January 12, 2021 notes that Fusco does not currently require medication for his Wolf-Parkinson-White syndrome. (Doc 408 at 81).

With the benefit of Fusco's recent medical records, the Court adheres to its prior Order finding that "he has received and can expect in the future to receive more than adequate

---

[4] https://www.cdc.gov/coronavirus/2019-ncov/videos/oxygen-therapy-equipment/Equipment_for_Oxygen_Monitoring_and_Oxygen_Therapy_Transcript.pdf (last accessed May 18, 2021).

[5] The medical records from Fusco's February 22, 2021 evaluation state that "[h]e c/o [complained of] of SOB [Shortness of Breath] since 2017" and that he had "[p]re COVID dyspnea of unknown etiology." (Doc 408 at 16–17).

medical attention" at FMC Devens." (Doc 407 at 2). While suffering from acute symptoms from COVID-19, he was transferred to and received intensive care at UMass Memorial Health Care. Fusco continues to receive medical attention from a pulmonary medicine specialist as he recovers. Based on this record and considering that Fusco has received adequate care at the medical facility where he is housed, the Court finds that Fusco's present medical condition, alone or in combination with other factors, does not constitute an extraordinary and compelling reason for sentence reduction.

Fusco also argues that his prior infection with COVID-19 does not preclude a second infection. Although Fusco cites to anecdotal cases of inmates being reinfected with the virus, the CDC has stated that "[c]ases of reinfection with COVID-19 have been reported, but remain rare."[6] The CDC also has stated that the "[p]resence of antibodies following natural infection may produce some level of protection from re-infection. . . ."[7] The Court concludes that this "rare," presently unquantifiable and poorly understood risk does not qualify as an extraordinary and compelling reason for a sentence reduction.

The Court, as before, considers Fusco's conditions of confinement at FMC Devens:

> [I]t suffices to say that a person who is at liberty has the freedom to make the decision he or she wishes with regard to the use of social distancing [and] use of PPE. In essence, they have the freedom and liberty to quarantine themselves if they choose and not ever come out of their house. Also, if they do contract COVID-19, they have the freedom to receive and

---

[6] https://www.cdc.gov/coronavirus/2019-ncov/your-health/reinfection.html (last accessed May 18, 2021). Fusco's April 12, 2021 letter states that he had not received a COVID-19 vaccine but does not state whether he would take the vaccine, if available. Accordingly, the Court does not consider Fusco's vaccination status on this motion, but notes that 478 inmates at FMC Devens were fully vaccinated as of May 18, 2021, which is more than half of the facility's inmate population. https://www.bop.gov/coronavirus/index.jsp (last accessed May 18, 2021).

[7] https://www.cdc.gov/coronavirus/2019-ncov/lab/resources/antibody-tests-guidelines.html#anchor_1590264247573 (last accessed May 18, 2021).

5

> to select whatever medical treatment they choose. Those liberties, both in terms of protection against the virus and in the event of contracting the virus, are largely denied to an incarcerated person, and the Court recognizes that.

(Nov. 19, 2020 Tr. 19–22). Fusco annexes notices from the Warden's office at FMC Devens to inmates regarding the presence of COVID-19 at the facility. The most recent one is dated April 8, 2021, and states that FMC Devens had 3 recently transferred inmates test positive for the virus. (Doc 408 at 118; Ex. E). The Warden's notice states that no units are "quarantined or isolated at this time," but Fusco states that on April 9, 2021 his unit went into lockdown due to a positive test. (Doc 409). The Court also considers the COVID-19 data for FMC Devens reported by the BOP website. While this medical facility has had 374 inmates who have recovered from the virus and 11 who died, presently there is one inmate and no staff who have tested positive for the virus.[8]

Application of relevant section 3553(a) factors counsel against a grant of sentence reduction, including the seriousness of the offense, the need for deterrence and the need to protect the public from further crimes of this defendant. Fusco is currently 52 years old. He was convicted of participating in a racketeering conspiracy that continued until February 2010, at which time he was 41 years old. (Pre-Sentence Report ¶ 2). Fusco is not serving a sentence for conduct committed at an immature age. In addition to the criminal conduct covered in the indictment that occurred over an almost ten-year period, Fusco served a prior sentence for racketeering conspiracy and money laundering conspiracy. (Id. ¶¶ 93–97).

With the inclusion of good time credit, Fusco has served approximately 50% of his sentence, but still has over ten years remaining. Reducing his sentence is unwarranted on this record.

---

[8] https://www.bop.gov/coronavirus/ (last accessed May 18, 2021).

CONCLUSION

The Court has considered the time Fusco has served in prison to date, his age, medical conditions, conditions at his BOP facility, the ongoing COVID-19 pandemic and Fusco's prior infection with the virus and all other factors cited to the Court. Taking into account all arguments presented by Fusco in favor of a sentence reduction and considering them both in isolation and in combination, and considering all of the section 3553(a) factors, the Court concludes that Fusco has not demonstrated extraordinary and compelling reasons for a reduction in his sentence. His motion is therefore DENIED. The Clerk is directed to terminate the motion (Doc 408).

SO ORDERED.

P. Kevin Castel
United States District Judge

Dated: New York, New York
May 18, 2021