UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
                                                                                 :

UNITED STATES OF AMERICA,            :          09-cr-1239 (PKC)
                                                                              :
                                                                               :                <u>ORDER</u>
              -against-                           :

EMILIO FUSCO,                                      :
                        Defendant.      :
-----------------------------------------------------------x

CASTEL, U.S.D.J.:

  Emilio Fusco was convicted at trial of racketeering conspiracy (Count 1), extortion conspiracy (Count 6), and interstate travel in aid of racketeering (Count 13) and was sentenced principally to 300 months imprisonment. His conviction was affirmed on direct appeal. United States v. Fusco, 12-Cr-4224, 560 F. App'x 43 (2d Cir. Mar. 21, 2014). He filed a motion pursuant to 28 U.S.C. § 2255, which was denied by this Court in an Opinion and Order of November 21, 2018. (ECF 377, 15-Civ-9354 (PKC)). The Second Circuit denied a certificate of appealability and dismissed his appeal for failing to make a substantial showing of the denial of a constitutional right. Fusco v. United States, 19-141 (2d Cir. June 28, 2019).

  A motion for leave to file a successive section 2255 motion was denied by the Second Circuit. Fusco v. United States, 20-1536 (2d Cir. June 2, 2020). The Second Circuit also denied a second motion for leave to file a successive section 2255 motion. Fusco v. United States, 20-305 (2d Cir. Oct. 5, 2020).

  Fusco has now moved for a sentence reduction pursuant to 18 U.S.C. § 3582(c)(1)(A)(i). (ECF 416.) In connection with that motion, he has filed a two-page motion

Mailed to Emilio Fusco on 05/11/2023

to disqualify the undersigned principally based on comments at his pretrial bail hearing and sentencing.  (ECF 418.)  For the reasons to be explained, the motions will be denied.

DISCUSSION

    1. Motion to Disqualify the Undersigned

Fusco moves to disqualify the undersigned from ruling on his motion for a sentence reduction.  He principally asserts that statements by the Court at his bail hearing and sentencing demonstrate that the Court was improperly influenced by the evidence and testimony presented at an earlier trial of three of his co-conspirators.  As will be explained, Fusco's arguments are without merit.

    a. Legal Standard for Disqualification.

Fusco's motion seeks disqualification pursuant to both 28 U.S.C. § 455(a) and (b)(1).  Section 455(a) provides that a judge "shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned."  28 U.S.C. § 455(a).  The United States Supreme Court has instructed that a section 455(a) motion is "to be evaluated on an *objective* basis, so that what matters is not the reality of bias or prejudice but its appearance."  Liteky v. United States, 510 U.S. 540, 548 (1994) (emphasis in original).  The Second Circuit, applying Liteky, has said that on a section 455(a) motion "[t]he question . . . is whether 'an objective, disinterested observer fully informed of the underlying facts, [would] entertain significant doubt that justice would be done absent recusal.'"  ISC Holding AG v. Nobel Biocare Finance AG, 688 F.3d 98, 107 (2d Cir. 2012) (quoting United States v. Carlton, 534 F.3d 97, 100 (2d Cir. 2008)) (alteration in original).  "[O]pinions formed by the judge on the basis of facts introduced or events occurring in the course of the current proceedings, or of prior proceedings, do not

Mailed to Emilio Fusco on 05/11/2023

constitute a basis for a bias or partiality motion unless they display a deep-seated favoritism or antagonism that would make fair judgment impossible." Liteky, 510 U.S. at 555.  "However, where these opinions are not 'properly and necessarily acquired in the course of the proceedings,' but rather 'derive[] from a source outside judicial proceedings,' this requirement of deep-seated antagonism does not apply." ISC Holding, 688 F.3d at 107 (quoting Liteky, 510 U.S. at 554) (citations omitted).

Meanwhile, section 455(b) "addresses the problem of actual bias by mandating recusal in certain specific circumstances where partiality is presumed." United States v. Bayless, 201 F.3d 116, 126 (2d Cir. 2000); see also United States v. Osinowo, 95-Cr-1334, 1996 WL 20514, at *1 (2d Cir. 1996) ("Under § 455(b)(1), recusal is mandated only where the district court harbors actual prejudice or bias against a defendant."); Liteky, 510 U.S. at 553 n.2.  Section 455(b)(1) provides that a judge "shall also disqualify himself . . . [w]here he has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding." 28 U.S.C. § 455(b)(1).

      b.  The Court's Statements at Fusco's Bail Hearing and Sentencing
          Do Not Establish a Basis for Recusal.

Fusco has not pointed to a basis for recusal under either the objective standard of section 455(a) or the subjective standard of section 455(b)(1).

Bail Hearing:  At Fusco's bail hearing, the Court found that the government had proven by clear and convincing evidence that Fusco posed a danger to the community and by a preponderance of the evidence that he posed a flight risk and that no condition or combination of conditions could address that risk.  (ECF 205 at 2.)  In a written Order following the bail hearing (the "Order of Detention"), the Court found that the government had also proven by clear and

Mailed to Emilio Fusco on 05/11/2023

convincing evidence that no condition or combination of conditions could address the danger Fusco posed.  (Id.)  The Court then stated:

> I presided at the trial of three defendants charged in the same indictment which resulted in convictions of the three co-defendants on all but one count.  By clear and convincing evidence, I find that Fusco was a made member of the Genovese crime family and that he participated in the murders of Adolfo Bruno and Gary Westerman.

(Id.)

Fusco argues that the Court's finding was made without affording him "any due process protection," as he was not given the opportunity to challenge the government's evidence or cross-examine witnesses at the prior trial.   (ECF 418 at 1.)  But Fusco was represented by experienced retained counsel at the bail hearing.  The Court's finding, based on clear and convincing evidence before it at the hearing and confined to the context of pretrial detention, was proper under the law.  See 18 U.S.C. § 3142(f)(2) ("The facts the judicial officer uses to support a finding . . . that no condition or combination of conditions will reasonably assure the safety of any other person and the community shall be supported by clear and convincing evidence."); see also United States v. Wedd, 993 F.3d 104, 116 (2d Cir. 2021) (rejecting argument in a recusal motion that the district court's statements regarding the defendant's culpability relative to that of his convicted co-defendant created the appearance of partiality and noting that "judges are frequently, and quite properly, required to make assessments of a defendant's culpability before a jury has returned a verdict," citing 18 U.S.C. § 3142 as an example).

Further, the Order of Detention contained an express reminder that "Fusco is, of course, entitled to the presumption of innocence and [the Court is] mindful that his attorney has not had the opportunity to cross-examine the cooperating witnesses at trial or otherwise

Mailed to Emilio Fusco on 05/11/2023

challenge the government's evidence." (ECF 205 at 2.) The bail hearing and Order of Detention therefore do not evince any bias against Fusco, in appearance or in fact.

<p style="text-indent: 2em;">Sentencing: At the conclusion of trial, the jury found Fusco guilty of three counts: racketeering conspiracy, extortion conspiracy, and interstate travel in aid of racketeering. The jury acquitted him of the substantive racketeering charge, finding that the government had not proven beyond a reasonable doubt that Fusco participated in the murders of Adolfo Bruno and Gary Westerman.</p>

At sentencing, however, the Court found by a preponderance of the evidence that Fusco participated in the Bruno and Westerman murders. (ECF 380 at 46, 49-50.) Fusco urges that disqualification is necessary because this finding "was not solely based on the evidence and testimony at [his] trial but was tainted by the evidence and testimony presented" at the earlier trial. (ECF 418 at 2.)

Fusco has repeatedly challenged the Court's consideration of acquitted conduct in sentencing him for the crimes for which he was convicted. In denying his direct appeal, the Second Circuit expressly held that "the District Court's consideration of the murders at sentencing [did not] violate the requirement that 'any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt'" because the Court's factfinding "did not increase the prescribed 45-year statutory maximum for the convicted crimes." United States v. Fusco, 560 F. App'x 43, 45-46 (2d Cir. 2014) (quoting Apprendi v. New Jersey, 530 U.S. 466, 490 (2000)) (summary order), cert denied, 574 U.S. 1028 (2014). And in denying his section 2255 motion, this Court rejected his argument that two cases decided after his sentencing constituted intervening changes in the

Mailed to Emilio Fusco on 05/11/2023

law that preclude the Court from considering acquitted conduct at sentencing. (ECF 377 at 15-16.)

Fusco's arguments in support of disqualification similarly fail. The Court explained at sentencing that "[t]he law in this Circuit, and as approved by the United States Supreme Court," is that a court may consider uncharged conduct and conduct of which a defendant was acquitted so long as it is proven by a preponderance of the evidence. (ECF 380 at 45); United States v. Watts, 519 U.S. 148, 157 (1997); United States v. Martinez, 525 F.3d 211, 215 (2d Cir. 2008). The Court stated that in spite of the jury's verdict, the Court is "required to say, yes, it was proven by a preponderance of the evidence or, no, it was not proven by a preponderance of the evidence. [The Court does] not have the luxury or the freedom to say the jury acquitted, therefore, I am free of any responsibility here. That's not the law." (ECF 380 at 45-46.) In finding by a preponderance of the evidence that Fusco participated in the murders, the Court noted that the earlier trial was relevant because the credibility of three witnesses who testified consistently across both trials was "of critical essence here." (Id. at 45.)

Neither the Court's finding as to Fusco's participation in the murders nor any other statement by the Court at sentencing creates an appearance of bias or suggests that the Court harbored any actual bias towards Fusco. See McMahon v. Hodges, 382 F.3d 284, 290 (2d Cir. 2004) (declining to require recusal when the judge "had undoubtedly formed opinions about [the defendant's] likely guilt during the course of [a co-conspirator's] trial at which the judge presided").

Mailed to Emilio Fusco on 05/11/2023

2. <u>Motion for Compassionate Release</u>

a. <u>Legal Standard.</u>

Upon motion of the Director of the Bureau of Prisons ("BOP") or a defendant who has exhausted all administrative remedies, a court "may reduce" the defendant's sentence if it finds that "extraordinary and compelling circumstances warrant such a reduction." <u>See</u> 18 U.S.C. § 3582(c)(1)(A)(i). The court must also consider the factors set forth in 18 U.S.C. § 3553(a) "to the extent they are applicable" and must find that the reduction is "consistent with the applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A).

The United States Sentencing Commission is required by statute to promulgate "general policy statements regarding the sentencing modification provisions in section 3582(c)(1)(A) . . . [that] describe what should be considered extraordinary and compelling reasons for sentence reduction, including the criteria to be applied and a list of specific examples." 28 U.S.C. § 994(t); <u>United States v. Brooker</u>, 976 F.3d 228, 232 (2d Cir. 2020). The Sentencing Commission has promulgated Guideline section 1B1.13, which applies only to motions made by the BOP – not to motions brought by defendants. <u>Brooker</u>, 976 F.3d at 232, 235-36; U.S.S.G. § 1B1.13.

Accordingly, "[w]hen the BOP fails to act, Congress made the courts the decision maker as to compassionate release." <u>Brooker</u>, 976 F.3d at 236. District courts have "broad discretion" when considering compassionate release motions brought by defendants and are free to "consider the full slate of extraordinary and compelling reasons that an imprisoned person might bring before them." <u>United States v. Amato</u>, 48 F.4th 61, 65-66 (2d Cir. 2022); <u>Brooker</u>, 976 F.3d at 236-37. "The only statutory limit on what a court may consider to be extraordinary

Mailed to Emilio Fusco on 05/11/2023

and compelling is that '[r]ehabilitation . . . alone shall not be considered an extraordinary and compelling reason'" for sentence reduction.  Brooker, 976 F.3d at 237-38 (quoting 28 U.S.C. § 994(t)) (emphasis in original) (alteration in original).

Even upon a defendant's motion, however, district courts may still look to section 1B1.13 for guidance in exercising their discretion.  See, e.g., United States v. Rodriguez, 16-Cr-07, 2020 WL 7640539, at *3 (S.D.N.Y. Dec. 23, 2020) (Nathan, J.); United States v. Burman, 16-Cr-190, 2021 WL 681401, at *3, 5 (S.D.N.Y. Feb. 21, 2021) (Gardephe, J.). Guideline section 1B1.13 states that a court may reduce a defendant's term of imprisonment if it determines that (1) extraordinary and compelling reasons warrant the reduction, (2) the defendant is not a danger to the safety of any other person or to the community, and (3) the reduction is consistent with the policy statement in section 1B1.13.  U.S.S.G. § 1B1.13. Extraordinary and compelling reasons exist, for example, when the defendant is suffering from a "serious physical or medical condition" or "deteriorating physical . . . health because of the aging process" that "substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover."  Id. N.1(A).

Under section 3582(c)(1)(A), extraordinary and compelling reasons are "necessary—but not sufficient—for a defendant to obtain relief."  United States v. Jones, 17 F.4th 371, 374 (2d Cir. 2021).  The court must also consider the applicable section 3553(a) factors, such as the nature and circumstances of the offense, the purposes of the punishment, and the Guideline sentencing range, before granting compassionate release.  In other words, the section 3553(a) factors are "an alternative and independent basis for denial of compassionate release."  Id. (quoting United States v. Robinson, 848 F. App'x 477, 478 (2d Cir. 2021)

Mailed to Emilio Fusco on 05/11/2023

(summary order)); see also United States v. Yancy et al., 20-Cr-4096, 2022 WL 6585231, at *2 (2d Cir. Oct. 7, 2022) (summary order) ("[T]he district court did not abuse its discretion in independently finding that the Section 3553(a) factors weighed against [the defendant's] release."). Accordingly, a court may deny a defendant's motion "if, in its discretion, compassionate release is not warranted because Section 3553(a) factors override . . . what would otherwise be extraordinary and compelling circumstances." United States v. Israel, 05-Cr-1039, 2019 WL 6702522, at *2 (S.D.N.Y. Dec. 9, 2019) (McMahon, J.).

### b. Fusco's Prior Compassionate Release Motions.

The instant motion is Fusco's third attempt to obtain a sentence reduction. He filed his first motion, with the assistance of counsel, on September 13, 2020 (the "First Motion"). (ECF 389.) The First Motion described the conditions of confinement at FMC Devens due to the COVID-19 pandemic and argued that Fusco's medical conditions – namely, neutropenia, chest pain, and shortness of breath – place him at an increased risk of severe illness from COVID-19. After hearing the parties at a teleconference on November 19, 2020, the Court concluded that Fusco failed to demonstrate extraordinary and compelling reasons for a sentence reduction. (Minute Entry for Nov. 19, 2020; ECF 400; ECF 404 (transcript of November 19 containing the Court's statement of reasons for denying the motion).)

Fusco filed a motion to reconsider, dated December 25, 2020, relying on the number of COVID-19 cases at FMC Devens, the fact that he had tested positive for COVID-19 that morning, and his medical conditions, including breathing difficulties and obesity. (ECF 403.) He also filed a notice of appeal but then withdrew it. (ECF 401; ECF 402.) In an Order dated April 7, 2021 (the "April 7 Order"), the Court denied the motion to reconsider, noting that Fusco "has received and can expect in the future to receive more than adequate medical

Mailed to Emilio Fusco on 05/11/2023

attention" and that there were no inmates or staff who were positive for the virus at the time. (ECF 407.)

Before he received the April 7 Order, Fusco filed a motion labeled "motion for reconsideration" and dated April 8, 2021. (ECF 408.) The Court construed it as a second motion for compassionate release because Fusco had exhausted his administrative remedies for a second time (the "Second Motion"). (ECF 410 at 2.) The Second Motion explained that Fusco was hospitalized after contracting COVID-19 and spent approximately 16 days in the intensive care unit.

After Fusco received the April 7 Order, he submitted a letter to the Court requesting reconsideration and reiterating his health conditions and the conditions of confinement at FMC Devens (the "Supplemental Letter"). (ECF 409.) The Court reviewed the Second Motion and Supplemental Letter and concluded on May 18, 2021, that Fusco had failed to demonstrate extraordinary and compelling reasons for a reduction in his sentence (the "May 18 Order"). (ECF 410.) Fusco appealed both the April 7 Order and the May 18 Order to the Second Circuit. (ECF 411; ECF 412.) The Second Circuit dismissed his appeal "because it 'lack[ed] arguable basis either in law or in fact.'" (ECF 413, United States v. Fusco, 21-1383 (2d Cir. Nov. 15, 2021) (quoting Neitzke v. Williams, 490 U.S. 319, 325 (1989)).)

Fusco thereafter filed his present motion for compassionate release, which was received by the Court on May 10, 2022 (the "Third Motion"). (ECF 416.) He also submitted three letters to the Court, which the Court has taken into consideration. (ECF 423; ECF 429; ECF 433.) Fusco is currently incarcerated at FMC Devens. His projected release date is December 13, 2030.[1]

---

[1] "Find an inmate," Federal Bureau of Prisons, https://www.bop.gov/inmateloc/ (last accessed May 11, 2023).

Mailed to Emilio Fusco on 05/11/2023

c. Fusco Has Satisfied His Administrative Remedies.

Fusco filed a renewed request for compassionate release with the Warden on January 25, 2022.[2] (ECF 428 at 2, 19.) He claims that he did not receive a response to his request, and the government has not provided any evidence to the contrary. Although Fusco provided this information in his reply rather than in his motion, the Court is mindful that pro se litigants are entitled to special solicitude. Fusco's Third Motion is dated May 2, 2022, more than 30 days after he submitted his request to the Warden. The Court therefore concludes that Fusco has exhausted his administrative remedies with respect to the present motion.

d. Fusco Has Not Demonstrated Extraordinary and Compelling Reasons for a Sentence Reduction.

The risks posed to Fusco by COVID-19 do not qualify as extraordinary and compelling circumstances warranting relief, whether considered alone or in combination with other factors. His Third Motion describes his medical conditions, including neutropenia, chest pain, shortness of breath and obesity, as well as the impact of the pandemic on the conditions of confinement at FMC Devens. It also asserts that Fusco is immunocompromised, was hospitalized after contracting COVID-19 in December 2020, and faces a risk of severe illness if he is reinfected with COVID-19. Fusco brought these same circumstances to the Court's attention in his prior submissions, and the Court concluded they did not amount to extraordinary and compelling reasons for a sentence reduction. The Court explained that Fusco's medical records showed that he was receiving "more than adequate medical attention" at FMC Devens and, based upon CDC guidance in existence at the time (and since withdrawn), that the "rare"

---

[2] Fusco previously submitted compassionate release requests to the Warden in connection with his First and Second Motions. (See ECF 404 at 17-18 (concluding Fusco satisfied his exhaustion requirements before filing his First Motion); ECF 410 at 2 (concluding Fusco exhausted his administrative remedies for a second time).)

Mailed to Emilio Fusco on 05/11/2023

and "unquantifiable and poorly understood risk [of reinfection] does not qualify as an extraordinary and compelling reason for a sentence reduction." (ECF 410 at 4-5.)

Fusco newly asserts in his Third Motion that he developed bronchiectasis (a chronic lung condition) and hypertension as a result of contracting COVID-19 in December 2020, that his prolonged use of corticosteroids has suppressed his immune system, and that his shortness of breath has worsened. (ECF 416 at 6-8; ECF 428 at 6.)  But these developments, alone or in combination with other factors, do not warrant a reduction in Fusco's sentence.  The Court has concluded twice already, "Fusco resides at Federal Medical Center Devens where he has received and can expect in the future to receive more than adequate medical attention." (ECF 407 at 2; ECF 410 at 4-5.)  As before, Fusco's medical records show that his conditions are being treated during his incarceration and therefore do not warrant early release.  (See e.g., ECF 416 at 38-39 (July 2, 2021 report describing bronchiectasis as "mild"), 45-47 (report dated July 22, 2021, noting "mild bronchiectasis" and use of oxygen, CPAP machine, albuterol inhaler for shortness of breath, and several medications), 104, (report dated May 26, 2021, indicating "[m]arked improvement of bilateral infiltrates in the mid to lower lung field"), 108 (report generated March 25, 2022, listing prescriptions for inhalers, lisinopril, and other medications), 112-14 (report dated November 1, 2021, noting new prescription for lisinopril to treat hypertension).)

Fusco's medical records also show that he received two doses of the Moderna COVID-19 vaccine but declined a booster dose. (ECF 428 at 32.)  Fusco urges he did not "refuse" the booster; rather, he requested to first speak with his primary care provider.  (Id. at 4.)  However, his reply annexes a "COVID-19 Vaccine Consent" form dated December 30, 2021,

which indicates that he "[r]efused to sign" the form and "declined to receive" the Moderna booster dose. (Id. at 32.) The stated reason is "I don't want it." (Id.)

Courts have recognized that "the risk of COVID-19 for a vaccinated individual is substantially reduced to the point that a defendant will typically not be able to demonstrate extraordinary and compelling reasons after he has been vaccinated." United States v. Jones, 17-Cr-214, 2021 WL 4120622, at *2 (S.D.N.Y. Sept. 9, 2021) (McMahon, J.); see also United States v. Serrano, 15-Cr-608, 20-Civ-9887, 2022 WL 1443688, at *14 (S.D.N.Y. May 6, 2022) (Failla, J.) ("[The defendant's] vaccinated status mitigates, though it does not reduce entirely, his risk of contracting the COVID-19 virus and having serious medical conditions, and it counsels against a finding of "extraordinary and compelling reasons."); see also United States v. Hernandez, 19-Cr-360, 2023 WL 371403, at *3 (S.D.N.Y. Jan. 24, 2023) (Wood, J.); United States v. Fox, 22-Cr-10, 2023 WL 379539, at *1 (2d Cir. 2023) (district courts may weigh the "impact of the BOP's ability to manage the pandemic and the increasing vaccine supply") (summary order). Courts have also concluded that the risks associated with the pandemic did not warrant relief when the defendant refused to obtain a booster dose. See, e.g., United States v. Arroyo, 05-Cr-40028, 2022 WL 2220908, at *3 (S.D. Illinois June 21, 2022) ("[F]or the vast majority of prisoners, the availability of a vaccine makes it impossible to conclude that the risk of COVID-19 is an extraordinary and compelling reason for immediate release. . . . The same holds true for inmates who refuse a booster. . . . [T]he Court will not allow the defendant's claim for release to be bolstered by his own failure to take the simplest, cheapest, most effective precautions against the danger he fears." (quotations omitted) (citations omitted) (citing United States v. Broadfield, 5 F.4th 801, 803 (7th Cir. 2021))); United States v. Darby, 13-Cr-631, 2022 WL 1423089, at *7 (D.N.J. May 5, 2022) ("There is . . . reason to be skeptical of a prisoner who

13

claims to fear for his life, yet refuses to take routine measures to protect himself against COVID-19 infection."); United States v. Zaidan, 21-Cr-53, 2022 WL 1222997, at *2 (N.D. Ind. Apr. 26, 2022) ("[E]ven if [the defendant] may be at an elevated medical risk were he to contract COVID-19, these medical risk factors are surpassed by the fact that [he] received two doses of the vaccine, and then declined a booster. . . . It would not be sensible to conclude that an inmate can refuse a vaccine and then be heard to argue that he must be released from custody because he has no protection from the very disease the vaccine has been shown to successfully prevent (or at least diminish).").

Fusco has not offered any justification, medical or otherwise, for his refusal to obtain the booster. Though he asserts that the vaccines "may not be effective" in protecting him against new variants of COVID-19, (ECF 416 at 7), current CDC guidance advises that "[p]eople who are up to date [on COVID-19 vaccines] have lower risk of severe illness, hospitalization and death from COVID-19 than people who are unvaccinated or who have only received the primary series [and not the boosters]" and that "[u]pdated COVID-19 boosters can help restore protection that has decreased since previous vaccination," including against the Omicron variant and the BA.4 and BA.5 subvariants," Centers for Disease Control and Prevention, Overview of COVID-19 Vaccines, https://www.cdc.gov/coronavirus/2019-ncov/vaccines/different-vaccines/overview-COVID-19-vaccines.html (last accessed May 11, 2023). Fusco also states that he has "every intention to submit to the new variant specific booster shot, when it becomes available," suggesting that he does believe he would benefit from the booster. (ECF 428 at 4.) Fusco's failure, without apparent justification, to take this basic precaution to protect himself from COVID-19 undermines his argument that he should be granted a sentence reduction based on the risks he faces if reinfected.

Mailed to Emilio Fusco on 05/11/2023

After considering Fusco's updated medical circumstances, his vaccination status, his refusal to obtain the COVID-19 booster, the conditions of confinement at FMC Devens, and the fact that there are presently no inmates and only one staff member who are positive for COVID-19 at FMC Devens,[3] the Court concludes that there are no extraordinary and compelling reasons to grant Fusco compassionate release or a partial reduction in his sentence.

Fusco also raises several constitutional arguments attacking his conviction, sentence, and conditions of confinement.  His argument that the conditions at FMC Devens amount to cruel and unusual punishment in violation of the Eighth Amendment is a challenge to conditions of confinement that is "properly brought in a habeas petition under 28 U.S.C. 2241, not a motion for compassionate release." United States v. Miller, 12-Cr-368, 2021 WL 2716205, at *5 (S.D.N.Y. July 1, 2021) (Crotty, J.); United States v. Zehner, 19-Cr-485, 2020 WL 3057759, at *2 (S.D.N.Y. June 8, 2020) (Torres, J.); United States v. Stitsky, 06-Cr-357, 2020 WL 7488065, at *2 n.4 (S.D.N.Y. Dec 14, 2020) (Wood, J.).  This Court lacks jurisdiction to entertain a section 2241 petition, which must be brought in the district of confinement.

Fusco's remaining arguments challenging his conviction and sentence are also not properly brought in a motion for a sentence reduction.  The Second Circuit has held that:

> If a defendant contends his conviction by a federal court is invalid, Congress has provided a vehicle to raise such a challenge through a motion pursuant to 28 U.S.C. § 2255, which imposes particular procedural limitations.  A defendant cannot evade this collateral review structure by attacking the validity of his conviction through § 3582.  Accordingly, we conclude, arguments challenging the validity of an underlying conviction cannot be raised in a § 3582 motion as part of the § 3553(a) sentencing factors.

---

[3] https://www.bop.gov/coronavirus/covid19_statistics.html (last accessed May 11, 2023.)

Mailed to Emilio Fusco on 05/11/2023

United States v. Amato, 48 F.4th 61, 65 (2d Cir. 2022), cert. denied sub nom. Orena v. United States, 143 S. Ct. 1025 (2023);[4] see also United States v. Massaro, 92-Cr-529, 2023 WL 2058398, at *2 n.1 (S.D.N.Y. Feb. 16, 2023) (Nathan, J.) ("To the extent [the defendant] raises arguments challenging the validity of his convictions, such arguments are not properly before the Court." (citing Amato, 48 F.4th at 65)).  This logic applies equally to arguments framed as "extraordinary and compelling" reasons for early release.  See United States v. Glover, 11-Cr-629, 2023 WL 122658, at *3 n.5 (S.D.N.Y. Jan. 5, 2023) (Seibel, J.) (stating that the Court "tend[ed] to think that [such arguments] would be barred by the reasoning in Amato"); see also United States v. Lisi, 440 F. Supp. 3d 246, 251 (S.D.N.Y. 2020) (Failla, J.) ("Although the Court has the discretion to determine what qualifies as an extraordinary and compelling reason, the Court believes that it would be both improper and inconsistent with the First Step Act to allow [the defendant] to use 18 U.S.C. § 3582(c)(1)(A) as a vehicle for claiming legal wrongs, instead of following the normal methods of a direct appeal or a habeas petition.").

Accordingly, none of the circumstances on which Fusco relies, alone or in combination with each other, amount to extraordinary and compelling circumstances warranting compassionate release or a reduction in his sentence.

### e. The Section 3553(a) Factors Are an Alternative and Independent Basis for Denying Compassionate Release.

Fusco's Third Motion contends that the section 3553(a) factors favor his early release in light of the conditions at FMC Devens during the COVID-19 pandemic and his

---

[4] The Second Circuit declined to address whether arguments attacking the validity of a conviction can be considered in assessing whether extraordinary and compelling reasons justify early release.  Amato, 48 F.4th at 65 n.3.

Mailed to Emilio Fusco on 05/11/2023

rehabilitative efforts during his incarceration.  (ECF 416 at 25-26.)  The Court has already rejected identical, and at times verbatim, arguments denying Fusco's prior motions.[5]

Fusco "does not dispute [or] discount the seriousness of his offense."  (ECF 416 at 25.)  And it remains true that his prior sentence for racketeering conspiracy and money laundering conspiracy did not deter him from further criminal conduct and "that there is a need to protect the public from further crimes of this defendant and . . . to deter others."  (ECF 404 at 20-21; see also ECF 410 at 6 (stating that the section 3553(a) factors, "counsel[ed] against a grant of sentence reduction, including the seriousness of the offense, the need for deterrence and the need to protect the public from further crimes of this defendant").)

Accordingly, even if Fusco had demonstrated extraordinary and compelling reasons justifying early release, the section 3553(a) factors independently counsel against granting his motion.

---

[5] (Compare ECF 389 at 12 ("[A]n overriding factor under § 3553(a) that was not present at the time of sentencing is Mr. Fusco's potential deadly exposure to the COVID-19 virus while incarcerated."), with ECF 428 at 14 ("[A]n overriding factors under § 3553(a) that was not present at the time of sentencing is Mr. Fusco's potential deadly exposure to the COVID-19 virus while incarcerated."); compare ECF 389 at 14 (stating Fusco has a low "probability of recidivism"), with ECF 416 at 26 (noting a BOP "Recidivism Risk Assessment" determined that Fusco presents a low risk of recidivism); compare ECF 389-6 (affidavits of inmates describing how Fusco has helped them), and ECF 408 at 122-29 (annexing four of the five same affidavits), with ECF 416 at 124 (annexing the same five affidavits); compare ECF 389 at 13 ("Mr. Fusco has worked full time as an orderly in the Compound Cleaning Services Department.  In addition, he volunteers as a companion in the unit where he lives; he is in charge of pushing any inmate who is wheelchair-bond to pill-line, insulin line, and hospital appointments from 6:00 a.m. to 5:30 p m.  He spends time with elderly patients, helping them with their wheelchairs . . . .  In addition to his volunteer activities, he has a strong work history.  He has taken and completed numerous vocational and correctional programs and has completed hundreds more hours of educational courses . . . .  Mr. Fusco has an exceedingly minor disciplinary record and a strong record of programming."), and ECF 408 at 11-12 ("He has worked full time as an orderly in the Compound Cleaning Services Department.  In addition, he has volunteered as a companion in the unit where he lives; he has been in charge of pushing any inmate who is wheelchair-bond to pill-line, insulin line, and hospital appointments from 6:00 am to 5:30 pm.  He spends time with elderly patients, helping them with their wheelchairs . . . .  In addition to his volunteer activities, he has a strong work history.  He continues taking numerous vocational and correctional programs and has completed hundreds more hours of educational courses . . . ."), with ECF 416 at 26 ("Fusco has incurred minimal infractions" and "has participated in numerous programs"), and ECF 428 at 15 ("Fusco has maintained a job while incarcerated, and recently was a companion in the Unit where he lives; he was in charge of pushing any inmate who is wheelchair-bond to pill-line, insulin line, and hospital appointments from 6:00 a.m. to 5:30p m.  He spends time with elderly patients, helping them with their wheelchairs . . . .").

Mailed to Emilio Fusco on 05/11/2023

CONCLUSION

The motion for disqualification. (ECF 418), is denied. Fusco has not presented any basis to conclude that an objective, disinterested observer fully informed of the underlying facts would entertain significant doubt that justice would be done absent recusal of the undersigned, nor has he presented any evidence to suggest actual bias against him on the part of the undersigned.

Fusco's Third Motion for a sentence reduction, (ECF 416), is also denied because he has not demonstrated extraordinary and compelling circumstances warranting his early release and the section 3553(a) factors independently counsel against granting compassionate release or a reduction in his sentence.

SO ORDERED.

P. Kevin Castel
United States District Judge

Dated: New York, NY
    May 11, 2023

Mailed to Emilio Fusco on 05/11/2023