UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------x
                                                             :
UNITED STATES OF AMERICA,                     :              09-cr-1239 (PKC)
                                                             :
                                                             :
                                                             :
                                                             :              ORDER
          -against-                                          :
                                                             :
                                                             :
                                                             :
EMILIO FUSCO,                                                :
                              Defendant.                     :
-------------------------------------------------------------x

CASTEL, U.S.D.J.:

          Emilio Fusco has again moved for a sentence reduction for extraordinary and compelling reasons. 18 U.S.C. § 3582(c)(1)(A)(i). The Court assumes for the purpose of this motion that he has exhausted his BOP remedy. (See Nov. 24, 2024 letter to the BOP.) It also assumes familiarity with the Court's rulings on his prior applications for a sentence reduction.

          Emilio Fusco was convicted at trial of racketeering conspiracy (Count 1), extortion conspiracy (Count 6), and interstate travel in aid of racketeering (Count 13) and was sentenced principally to 300 months imprisonment.  His conviction was affirmed on direct appeal, United States v. Fusco, 12-Cr-4224, 560 F. App'x 43 (2d Cir. Mar. 21, 2014). [1]

          As the extraordinary and compelling reason for a sentence reduction, Fusco's four-page motion now relies exclusively on the argument that if he were sentenced under U.S.S.G. § 1B1.3(c), effective November 1, 2024, his acquitted conduct could not be considered in

---

[1] Fusco's motion pursuant to 28 U.S.C. § 2255,  was denied by this Court in an Opinion and Order of November 21, 2018.  (ECF 377, 15-Civ-9354 (PKC)).  The Second Circuit denied a certificate of appealability and dismissed his appeal for failing to make a substantial showing of the denial of a constitutional right.  Fusco v. United States, 19-141 (2d Cir. June 28, 2019).A motion for leave to file a successive section 2255 motion was denied by the Second Circuit.  Fusco v. United States, 20-1536 (2d Cir. June 2, 2020).  The Second Circuit also denied a second motion for leave to file a successive section 2255 motion.  Fusco v. United States, 20-305 (2d Cir. Oct. 5, 2020).

determining his sentence and his Guidelines range would be significant lower.  But the Guidelines amendment on which he relies is not retroactive.  See U.S.S.G. § 1B1.10 (not listing Amendment 826 as retroactive); see also United States v. Frias, No. 01 Cr. 307 (DLC), 2024 WL 5155128, at *1-2 ("Amendment 826 is not retroactive.").[2]  Except as provided in subsection (b)(6), a change in the law (including an amendment to the Guidelines Manual that has not been made retroactive) shall not be considered for purposes of determining whether an extraordinary and compelling reason exists under this policy statement. U.S.S.G §1B1.13(c).   The referenced exception in subsection (b)(6) also does not provide a basis for a sentence reduction. Even the length of a sentence in combination with Fusco's argument under Amendment 826 does not provide a basis for a sentence reduction.  See U.S.S.G. § 1B1.13(b)(6) ("If a defendant received an unusually long sentence and has served at least 10 years of the term of imprisonment, a change in the law (other than an amendment to the Guidelines Manual that has not been made retroactive) may be considered in determining whether the defendant presents an extraordinary and compelling reason." (emphasis added)).[3]

But even if Fusco had established extraordinary and compelling reasons for a reduction, the section 3553(a) factors would not support a grant of his motion.

Under section 3582(c)(1)(A), extraordinary and compelling reasons are "necessary—but not sufficient—for a defendant to obtain relief."  United States v. Jones, 17 F.4th

---

[2] In the course of presenting his arguments, including addressing section 3553(a) factors, Fusco discusses his family circumstances, health condition, rehabilitation, conduct while incarcerated and other matters, although none are cited as extraordinary and compelling reasons for a reduction. If Fusco had otherwise established extraordinary and compelling reasons for a reduction, the Court acknowledges that it could then take account of a non-retroactive Guidelines amendment on the extent of the reduction.  U.S.S.G. § 1B1.13(c).  None of the other circumstances cited by Fusco would qualify as extraordinary and compelling reasons for a reduction, alone or in combination.

[3] The version of the Guideline governing compassionate release has been updated effective November 1, 2023 and applies to a Court's consideration of a motion for a sentence reduction.  Thus, United States v. Brooker, 976 F.3d 228, 233 (2d Cir. 2020) does not apply here.

371, 374 (2d Cir. 2021).  The court must also consider the applicable section 3553(a) factors, such as the nature and circumstances of the offense, the purposes of the punishment, and the Guideline sentencing range, before granting compassionate release.  In other words, the section 3553(a) factors are "an alternative and independent basis for denial of compassionate release." Id. (quoting United States v. Robinson, 848 F. App'x 477, 478 (2d Cir. 2021)); see also United States v. Yancy et al., 20-Cr-4096, 2022 WL 6585231, at *2 (2d Cir. Oct. 7, 2022) ("[T]he district court did not abuse its discretion in independently finding that the Section 3553(a) factors weighed against [the defendant's] release.").  Accordingly, a court may deny a defendant's motion "if, in its discretion, compassionate release is not warranted because Section 3553(a) factors override . . . what would otherwise be extraordinary and compelling circumstances." United States v. Israel, 05-Cr-1039, 2019 WL 6702522, at *2 (S.D.N.Y. Dec. 9, 2019)

> As this Court wrote three years ago:
>
> Fusco "does not dispute [or] discount the seriousness of his offense." (ECF 416 at 25.) And it remains true that his prior sentence for racketeering conspiracy and money laundering conspiracy did not deter him from further criminal conduct and "that there is a need to protect the public from further crimes of this defendant and . . . to deter others." (ECF 404 at 20-21; see also ECF 410 at 6 (stating that the section 3553(a) factors, "counsel[ed] against a grant of sentence reduction, including the seriousness of the offense, the need for deterrence and the need to protect the public from further crimes of this defendant").)

(ECF  434;  Order of  May 11, 2023 at 17.)

The Court is mindful that Fusco has served more than 16 years of his 25-year sentence. He has many Certificates of Completions of BOP programs.  He is 57 years old, and his projected release date is July 10, 2031.  The natural aging process lowers the risk of reoffending to some degree.  But the Court concludes that the section 3553(a) factors as they exist today do not support a sentence reduction.

CONCLUSION

Having considered the entirety of his arguments and according to him special solicitude because of his unrepresented status, Fusco's motion for a sentence reduction (ECF 438) is DENIED.


SO ORDERED.

P. Kevin Castel
United States District Judge


Dated: New York, NY
June 18, 2026


COPY MAILED TO:

Emilio Fusco
Register No. 02689-748
FMC Devens
Federal Medical Center
P.O. Box 879
Ayer, MA  01432